UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

ANA SYSAK,

    Plaintiff,

v.

NURSE ON CALL, INC. D/B/A
BROOKDALE SENIOR LIVING INC.
a Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ANA SYSAK ("Ms. Sysak" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, NURSE ON CALL, INC. d/b/a BROOKDALE SENIOR LIVING INC. ("NOC" or "Defendant"), a Foreign Profit Corporation, and states as follows:

**JURISDICTION AND VENUE**

1. This action is brought under the Fair Labor Standards Act as amended (29 U.S.C. §201, *et seq*., hereinafter referred to as "FLSA") to recover from Defendant overtime compensation, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper as Plaintiff worked for Defendant in Lee County, Florida, and the actions giving rise to these claims arose in Lee County, Florida.

## **PARTIES AN FLSA COVERAGE**

5. At all times material hereto, Plaintiff was a resident of Lee County, Florida.

6. Plaintiff was an employee who performed in-home care and recordkeeping services on behalf of Defendant in Lee County, Florida.

7. NOC is a Foreign Profit Corporation located in Lee County, Florida, which at all times relevant performed work in, among other places, Lee County, Florida.

8. Jurisdiction and Venue are proper in this Court, as the actions giving rise to this lawsuit arise under federal law, and occurred in Lee County, Florida.

9. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be "an enterprise engaged in commerce," within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 *per annum* during the relevant time periods.

15. At all times relevant hereto, Defendant was primarily engaged in providing, among other things, nursing services to housebound patients.

16. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

17. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

18. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

19. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

20. Plaintiff worked as a non-exempt, hourly paid Nurse from March 15, 2017, until June 26, 2020.

21. Defendant sent Plaintiff to patients' homes to provide in-home care and required Plaintiff to perform voluminous paper and electronic recordkeeping in relation to each visit that she made to a patient's home.

22. Plaintiff was paid on an hourly basis at $27.31 per hour.

23. Plaintiff and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

24. Plaintiff had no authority to fire employees of Defendant.

25. Plaintiff had no authority to set rates of pay for employees of Defendant.

26. Plaintiff had no authority to discipline employees of Defendant.

27. Plaintiff had no authority to fire employees of Defendant.

28. All of Plaintiff's major decisions had to be cleared in advance by one of Defendant's supervisors.

29. Plaintiff was closely monitored by Defendant's managers and supervisors at all times.

30. Plaintiff followed procedures established by Defendant and did exactly as she was instructed to do.

31. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week during her relationship with Defendant.

32. Defendant, during the relevant limitations period, failed to compensate Plaintiff at a rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours in a single work week.

33. Instead, Defendant only compensated Plaintiff at a rate of one-and-one-half times Plaintiff's regular rate for **a fraction** of her overtime hours worked for each work week.

34. On June 26, 2020, Plaintiff and Defendant ended their employment relationship.

35. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week for Defendant, as required by the FLSA throughout her employment.

36. Defendant has violated Title 29 U.S.C. §207 in that:

   a. Plaintiff regularly worked in excess of forty (40) hours per week for the period of employment/her relationship with Defendant;

   b. No payments or provisions for payment have been made by Defendant to

        properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c.    Defendant failed to maintain proper time records as mandated by the FLSA.

37.    Plaintiff estimates her FLSA damages to be as follows: taking an average of ten (10) unpaid overtime ("OT") hours per week, Plaintiff is owed 10 OT hours x $40.97 per overtime hour totaling $409.70 per week. Plaintiff estimates approximately 149 weeks remain in the operative FLSA statute of limitations. As such, Plaintiff is owed a total of $409.70 x 149 = **$61,045.30** in unliquidated overtime damages, and **$122,090.60** in liquidated damages plus attorney's fees and costs.

38.    Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for **all** overtime worked under the FLSA.

39.    Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for **all** overtime worked under the FLSA.

40.    Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for **all** overtime worked under the FLSA.

41.    Based on the allegations in Paragraphs 38-40, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

42. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

43. Plaintiff re-alleges paragraphs 1 through 42 of the Complaint, as if fully set forth herein, and further alleges as follows:

44. During her employment, Plaintiff regularly worked in excess of forty (40) hours per week, for which Plaintiff was not compensated at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for **all** hours worked.

45. Plaintiff was and is entitled to be paid at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for **all** hours worked in excess of forty (40) hours.

46. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

47. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is, due.

48. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

49. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

50. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

51. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

52. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: August 20, 2020.

        */s/ **NOAH E. STORCH**  
Noah E. Storch, Esq.  
Florida Bar No. 0085476  
Alexander Harne, Esq.  
Florida Nar No. 126932  
RICHARD CELLER LEGAL, P.A.  
10368 West State Road 84, Suite 103  
Davie, Florida 33324  
Telephone: (866) 344-9243  
Facsimile: (954) 337-2771  
Email:  
**noah@floridaovertimelawyer.com**  
Email:  
**aharne@floridaovertimelawyer.com**

*Attorneys for Plaintiff*